CHAD C. AUSTIN (Bar No. 235457)
ChadCAustin@gmail.com
**LAW OFFICE OF CHAD C. AUSTIN**
4632 Berwick Drive
San Diego, CA  92117
Telephone: (619) 992-7100
Facsimile: (858) 712-0316

*Counsel for Plaintiff Matthew Donaca, an individual.*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW DONACA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ADVISORY GROUP LLC., THE,<br>and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants. | Case No.:  **'16CV2825 AJB  BGS**<br><br>**COMPLAINT FOR DAMAGES, INCLUDING PUNITIVE DAMAGES, STATUTORY PENALTIES, INTEREST, ATTORNEY'S FEES AND INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMAND** |

## INTRODUCTION

1.　Defendant ADVISORY GROUP LLC., THE ("ADVISORY GROUP") is a Wyoming limited liability company with a principal place of business in San Diego, California that markets and sells, *inter alia*, tax relief services in residences throughout the United States.

2. Plaintiff brings this action to challenge ADVISORY GROUP's practices in the telephone solicitation of its products and services. Specifically, Plaintiff challenges ADVISORY GROUP's illegal telephone calls, illegal use of RoboCalls, and illegal use of Caller ID Spoofing by which it markets its products and services.

3. All of the claims asserted herein arise out of ADVISORY GROUP's illegal telephone solicitation campaign.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. section 1331 as it seeks relief under federal statutes and regulations including, *inter alia*, 47 U.S.C. § 227(b)(1)(B) (the Telephone Consumer Protection Act of 1991).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. section 1391(a) and (c) in that Defendants solicit business from, conduct business primarily in, and a substantial part of the events giving rise to Plaintiff's claims occurred in, the Southern District of California's San Diego County.

## THE PARTIES

6. Plaintiff Matthew Donaca ("Plaintiff") is an adult male who resides in California.

7.      Defendant ADVISORY GROUP LLC., THE is a limited liability company incorporated in the State of Wyoming that transacts business in this Judicial District.

8.      Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as Does 1 through 100, inclusive, and the nature of their wrongful conduct, and therefore sues these Defendants by such fictitious names.  Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

9.      At all times herein mentioned, ADVISORY GROUP, and the Doe Defendants (collectively, "Defendants"), and each of them, were an agent or joint venturer of each of the other, and in doing the acts alleged herein, were acting within the scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

10.     Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in committing the wrongful acts alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoing complained of, each of the Defendants acted with an awareness of its primary

wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

11. At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

## FACTUAL ALLEGATIONS

12. In or about June 2016, Plaintiff received a telephone solicitation by Defendants at Plaintiff's residence that simultaneously transmitted false caller identification information in connection therewith. Plaintiff had not consented to any calls.

13. This unsolicited telephone call was placed to Plaintiff's residence telephone and utilized an "artificial or prerecorded voice" to transmit a message as prohibited by 47 U.S.C. section 227(b)(1)(B).

14. This telephone solicitation constituted a "call" under the TCPA that was *not* for emergency purposes.

15. Plaintiff did *not* provide any one, more, or all Defendants, nor any agent of Defendants, prior express consent to cause Plaintiff to receive telephone calls on his residence telephone that utilized an "artificial or prerecorded voice" to transmit a message.

16.  Plaintiff had no prior business relationship with any one, more, or all of Defendants.

17.   47 C.F.R. § 64.1200(b)(1) requires that "All artificial or prerecorded telephone messages shall:  At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with the State Corporation Commission (or comparable regulatory authority) must be stated."

18.   Defendants' illegal, prerecorded telemarketing message failed to comply with this requirement.  The base statutory penalty for this violation is $500 per violation, which may be trebled in the discretion of the court up to $1,500 per violation if Defendants' violation was willful or knowing. 47 U.S.C. § 227(b)(3). Plaintiff alleges that Defendants' violation of 47 C.F.R. § 64.1200(b)(1) was willful and knowing, within the meaning of 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 312(f)(1).

19. 47 C.F.R. § 64.1200(b)(2) requires that "All artificial or prerecorded telephone messages shall: During or after the message, state clearly the telephone number (other than that of the autodialer or prerecorded message player that placed the call) of such business, other entity, or individual. The telephone number

provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges."

20.  Defendants' illegal, prerecorded telemarketing message to Plaintiff failed to comply with this requirement.  The base statutory penalty for this violation is $500 per violation, which may be trebled in the discretion of the court up to $1,500 per violation if Defendants' violation was willful or knowing.  47 U.S.C. § 227(b)(3). Plaintiff alleges that Defendants' violation of 47 C.F.R. § 64.1200(b)(2) was willful and knowing, within the meaning of 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 312(f)(1).

21.  47 C.F.R. §64.1601(e) requires that "Any person or entity that engages in telemarketing . . . must transmit caller identification information."

22.  Defendants failed to transmit accurate caller identification information during their illegal, prerecorded call to Plaintiff. The base statutory penalty for this violation is $500 per violation, which may be trebled in the discretion of the court up to $1,500 per violation if Defendants' violation was willful or knowing. 47 U.S.C. §227(b)(3). Plaintiff alleges that Defendants' violation of 47 C.F.R. § 64.1601(e) was willful and knowing, within the meaning of 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 312(f)(1).

23.  47 C.F.R. § 64.1601(e)(1) requires that "Caller identification information must include either CPN or ANI, and, when available by the

telemarketer's carrier, the name of the telemarketer. It shall not be a violation . . . to substitute . . . the name of the seller on behalf of which the telemarketing call is placed and the seller's customer service telephone number. The telephone number so provided must permit any individual to make a do-not-call request during regular business hours."

24.   Defendants' illegal, prerecorded call to Plaintiff failed to comply with this requirement in three discrete ways: by failing to provide a company name, failing to provide an accurate telephone number and failing to provide an opportunity to make a do-not-call request. The base statutory penalty for this violation is $500 per violation, which may be trebled in the discretion of the court up to $1,500 per violation if Defendants' violations were willful or knowing. 47 U.S.C. § 227(b)(3). Plaintiff alleges that Defendants' violations of 47 C.F.R. § 64.1601(e)(1) were willful and knowing, within the meaning of 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 312(f)(1).

25.   47 C.F.R. § 64.1601(e)(2) states that "Any person or entity that engages in telemarketing is prohibited from blocking the transmission of caller identification information."

26.   Defendants blocked the transmission of accurate caller identification information during their illegal, prerecorded call to Plaintiff. The base statutory penalty for this violation is $500 per violation, which may be trebled in the

discretion of the court up to $1,500 per violation if Defendants' violation was willful or knowing. 47 U.S.C. § 227(b)(3). Plaintiff alleges that Defendants' violation of 47 C.F.R. §64.1601(e)(2) was willful and knowing, within the meaning of 47 U.S.C. §227(b)(3) and 47 U.S.C. §312(f)(1).

27.  16 C.F.R. §310.4(a)(7) states that "It is an abusive telemarketing act or practice and a violation of this Rule for any seller or telemarketer to engage in the following conduct . . . (7) Failing to transmit or cause to be transmitted the telephone number, and, when made available by the telemarketer's carrier, the name of the telemarketer, to any caller identification service in use by a recipient of a telemarketing call, provided that it shall not be a violation to substitute . . . the name of the seller or charitable organization on behalf of which a telemarketing call is placed, and the seller's or charitable organization's customer or donor service telephone number, which is answered during regular business hours."

28.  Defendants' illegal, prerecorded call to Plaintiff failed to comply with this requirement in two discrete ways: by failing to provide the name of the company calling and failing to provide an accurate telephone number of the company calling.  The base statutory penalty for this violation is $500 per violation, which may be trebled in the discretion of the court up to $1,500 per violation if Defendants' violations were willful or knowing. 47 U.S.C. § 227(b)(3). Plaintiff alleges that Defendants' violations of 16 C.F.R. § 310.4(a)(7) were willful

and knowing, within the meaning of 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 312(f)(1).

29. 47 C.F.R. §64.1200(d)(1) states that "(d) No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standard…(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list."

30. After listening to Defendants' prerecorded telemarketing message and being transferred to Defendants' representative, Plaintiff asked Defendants' representative to provide him with a copy of Defendants' written do-not-call policy. However, Defendants never provided a written do-not-call policy to Plaintiff. The base statutory penalty for this violation is $500 per violation, which may be trebled in the discretion of the court up to $1,500 per violation if Defendants' violation was willful or knowing. 47 U.S.C. §227(b)(3). Plaintiff alleges that Defendants' violation of 47 C.F.R. §64.1200(d)(1) was willful and knowing, within the meaning of 47 U.S.C. §227(b)(3) and 47 U.S.C. §312(f)(1).

31. 47 C.F.R. §64.1200(d)(3) states that, "If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do- not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request."

32. After listening to Defendants' prerecorded telemarketing message and being transferred to Defendants' representative, Plaintiff also asked Defendants' representative to place him on Defendants' do-not-call list and provide written verification of having done so. On information and belief, Defendants did not place Plaintiff on their do-not-call list at the time he requested that they do so. The base statutory penalty for this violation is $500 per violation, which may be trebled in the discretion of the court up to $1,500 per violation if Defendants' violation was willful or knowing.  47 U.S.C. §227(b)(3). Plaintiff alleges that Defendants' violation of 47 C.F.R. §64.1200(d)(3) was willful and knowing, within the meaning of 47 U.S.C. §227(b)(3) and 47 U.S.C. §312(f)(1).

33. 47 C.F.R. §64.1200(d)(6), which requires that "A person or entity making calls for telemarketing purposes must maintain a record of a caller's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made."

34. On information and belief, Defendants failed to maintain a record of Plaintiff's do-not-call request. The base statutory penalty for this violation is $500 per violation, which may be trebled in the discretion of the court up to $1,500 per violation if Defendants' violation was willful or knowing.  47 U.S.C. §227(b)(3). Plaintiff alleges that Defendants' violation of 47 C.F.R. §64.1200(d)(6) was willful and knowing, within the meaning of 47 U.S.C. §227(b)(3) and 47 U.S.C. §312(f)(1).

35. 47 C.F.R. §64.1200(d)(2) states that "No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards: (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list."

36. Because of the numerous violations Defendants committed with regard to do-not-call regulations, it is clear that Defendants have failed to adequately inform and train their employees in the existence and use of the do-not-call list. The base statutory penalty for this violation is $500 per violation, which may be trebled in the discretion of the court up to $1,500 per violation if Defendants' violation was willful or knowing.  47 U.S.C. §227(b)(3). Plaintiff alleges that Defendants' violation of 47 C.F.R. §64.1200(d)(2) was willful and knowing, within the meaning of 47 U.S.C. §227(b)(3) and 47 U.S.C. §312(f)(1).

37. Pursuant to 47 U.S.C. §227(b)(3), Plaintiff is also entitled to injunctive relief against any future violations of the Telephone Consumer Protect Act or Code of Federal Regulations.

38. California Civil Code section 1770(a)(22)(A) states, "The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful: (22) (A) Disseminating an unsolicited prerecorded message by telephone without an unrecorded, natural voice first informing the person answering the telephone of the name of the caller or the organization being represented, and either the address or the telephone number of the caller, and without obtaining the consent of that person to listen to the prerecorded message."

39. Defendants disseminated an unsolicited prerecorded telemarketing message to Plaintiff's residential telephone line without an unrecorded, natural voice first informing Plaintiff of the name of the caller or organization being represented and either the address or telephone number of the name of caller and without obtaining Plaintiff's consent to listen to the prerecorded message.

40. Defendants' violation of the CLRA entitles Plaintiff to actual damages, injunctive relief, punitive damages and mandatory attorney's fees upon prevailing on this cause of action. *See* Cal. Civ. Code §§1780(a)(1), (a)(2), (a)(4) and (e), respectively.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
(Violations of the TCPA "RoboCall" Prohibition, 47 U.S.C. sec. 227 et seq.)

41. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

42. As a result of Defendants', and Defendants' agents, violations of 47 U.S.C. sec. 227(b)(1)(B), Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. sec. 227(b)(3)(B).

43. Pursuant to 47 U.S.C. sec. 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION
(Knowing and/or Willful Violations of the TCPA "RoboCall" Prohibition, 47 U.S.C. sec. 227 et seq.)

44. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

45. As a result of Defendants', and Defendants' agents, knowing and/or willful violations of 47 U.S.C. sec. 227(b)(1)(B), Plaintiff seeks treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. sec. 227(b)(3).

46. Pursuant to 47 U.S.C. sec. 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### THIRD CAUSE OF ACTION
(Violations of the TCPA "Caller ID Spoofing" Prohibitions, Name and Number Identification Requirements, Do-Not-Call List Requirements)

47. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

48. As a result of Defendants', and Defendants' agents, violations of 47 C.F.R. sec. 64.1601(e), 16 C.F.R. §310.4(a)(7), 47 C.F.R. § 64.1200 (b)(1), 47 C.F.R. § 64.1200 (b)(2), 47 C.F.R. § 64.1200(d)(1), 47 C.F.R. § 64.1200(d)(3), 47 C.F.R. § 64.1200(d)(6), and 47 C.F.R. § 64.1200(d)(2), Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to the implied private right of action.

# FOURTH CAUSE OF ACTION
(Knowing and/or Willful Violations of the TCPA "Caller ID Spoofing" Prohibitions, Name and Number Identification Requirements, Do-Not-Call List Requirements)

49. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

50. As a result of Defendants', and Defendants' agents, knowing and/or willful violations of 47 C.F.R. sec. 64.1601(e), 16 C.F.R. §310.4(a)(7), 47 C.F.R. § 64.1200 (b)(1), 47 C.F.R. § 64.1200 (b)(2), 47 C.F.R. § 64.1200(d)(1), 47 C.F.R. § 64.1200(d)(3), 47 C.F.R. § 64.1200(d)(6), and 47 C.F.R. § 64.1200(d)(2),Plaintiff seeks $1,500.00 in statutory damages, for each and every violation, pursuant to the implied private right of action.

# FIFTH CAUSE OF ACTION
(Trespass to Chattel)

51. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

52. Defendants' conduct of making an illegal prerecorded telemarketing call to Plaintiff constituted a trespass to Plaintiff's residential telephone. This trespass was significant and substantial in duration in that Defendants' trespass illegally deprived Plaintiff of the use and enjoyment of his telephone for lawful purposes. Plaintiff has been damaged in an amount to be determined according to proof at trial.

53. At no time did Plaintiff consent to this trespass.

54. Defendants' trespass was done with oppression and malice, in that Defendants sent their illegal message intentionally, in actual awareness of its illegal nature, with the purpose of making an illicit profit and with the purposes of vexing, injuring and annoying Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages.

### SIXTH CAUSE OF ACTION
(Conversion)

55. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

56. Defendants' conduct of making an illegal prerecorded telemarketing call to Plaintiff constituted a conversion of Plaintiff's telephone. This conversion was significant and substantial in duration in that Defendants' conversion illegally deprived Plaintiff of the use and enjoyment of his telephone for lawful purposes.

57. Plaintiff is therefore entitled to the entire value of his telephone, in an amount to be determined according to proof at trial.

58. At no time did Plaintiff consent to this conversion.

59. Defendants' conversion was done with oppression and malice, in that Defendants sent their illegal message intentionally, in actual awareness of its illegal nature, with the purpose of making an illicit profit and with the purposes of

vexing, injuring and annoying Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages.

### SEVENTH CAUSE OF ACTION
(Violations of the Consumer Legal Remedies Act, (California Civil Code § 1770(a)(22)(A)))

60.  Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

61.  As a result of Defendants', and Defendants' agents, knowing and/or willful violations of Civil Code § 1770(a)(22)(A), by making a prerecorded sales call to Plaintiff's residence without first having a live person come on the line to request permission to play the recording, Plaintiff seeks actual damages, punitive damages, injunctive relief, and attorney's fees.

WHEREFORE, Plaintiff prays for relief as set forth below.

### PRAYER FOR RELIEF

1.  Statutory damages;

2.  Compensatory, general, incidental, and consequential damages according to proof;

3.  Special damages according to proof;

4.  Punitive damages to punish Defendants for their willful illegal and deliberate tortious conduct and to deter others who may otherwise engage in similar willful illegal and deliberate tortious conduct;

5.  Restitution and disgorgement according to proof;

6.  Injunctive relief against Defendants, and each of them, to prevent future wrongful conduct;

7.  Prejudgment interest at the maximum legal rate;

8.  Costs of the proceedings herein;

9.  Reasonable attorneys' fees; and

10. All such other and further relief as the Court deems just.

Dated: October 31, 2016            Respectfully submitted,


By: ___s/_____

CHAD C. AUSTIN (Bar # 235457)
 ChadCAustin@gmail.com
**LAW OFFICE OF CHAD C. AUSTIN**
4632 Berwick Drive
San Diego, CA  92117
Telephone:  (619) 992-7100
Facsimile:  (858) 712-0316
*Attorney for Plaintiff Matthew Donaca*

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial on all claims so triable.

Dated: October 31, 2016                    Respectfully submitted,


                                           By: ___s/_____

                                           CHAD C. AUSTIN (Bar # 235457)
                                            ChadCAustin@gmail.com
                                           **LAW OFFICE OF CHAD C. AUSTIN**
                                           4632 Berwick Drive
                                           San Diego, CA  92117
                                           Telephone:  (619) 992-7100
                                           Facsimile:  (858) 712-0316
                                           *Attorney for Plaintiff Matthew Donaca*